UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LaPINE,

    Petitioner,

v.

    Civil Case No. 18-10516
    Honorable Linda V. Parker

MICHIGAN PAROLE BOARD
and WARDEN OF [THE] ST. LOUIS
[CORRECTIONAL FACILITY],

    Respondent.
_____/

## OPINION AND ORDER DISMISSING THE HABEAS PETITION, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

This matter has come before the Court on a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2241. Michigan prisoner Darrin LaPine ("Petitioner") challenges the Michigan Parole Board's recent decision to deny him release on parole. Petitioner claims that the Parole Board's decision violated his right to substantive due process and was arbitrary and capricious.

Petitioner has no legitimate claim of entitlement to parole under state or federal law, and he has failed to show that the Parole Board's decision was arbitrary and capricious. Therefore, his due process claim lacks merit, and his petition must be dismissed.

## I. Background

Petitioner alleges that he was interviewed during parole hearings held on January 9, 2018, and on January 16, 2018. He asserts that he did not receive proper notice of the hearings and that, after the hearings, he was denied release on parole for twelve months. According to him, the order denying him release on parole falsely stated that he minimized his behavior; he was not amenable to treatment; he was terminated from a program for poor performance or for disciplinary reasons; and that he blamed staff or other people for the program's failure. The report concluded by stating that Petitioner blamed others for his conduct and that he needed to request Bridges (a domestic violence program) when he was ready to successfully complete the program.

Petitioner contends that his interviewer failed to realize he was not eligible for Bridges. Petitioner also contends that the interviewer gave no consideration to his release on parole in 2015 and the fact that his parole was revoked for egregious reasons. Additionally, Petitioner alleges that the denial of parole was retaliation for another habeas petition that challenges the parole revocation proceeding. He concludes that the Parole Board's decision to deny him release on parole was unreasonable, arbitrary, and capricious. He also claims that the Parole Board relied on false information and violated his right to substantive due process.

## II. Discussion

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, district courts must promptly examine a state prisoner's habeas petition and dismiss the petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. *Day v. McDonough*, 547 U.S. 198, 207 (2006).[1] When, as here, no state court has adjudicated the petitioner's claims on the merits, this Court's review is *de novo*. *Crump v. Lafler*, 657 F.3d 393, 397 (6th Cir. 2011). To obtain habeas relief, Petitioner must demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Petitioner is alleging a violation of his constitutional right to due process of law. Under the Fourteenth Amendment to the United States Constitution, no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. To prevail on his due process claim, Petitioner must demonstrate that a protected property or liberty interest was violated. *Wershe v. Combs*, 763 F.3d 500, 506 (6th Cir. 2014). "When an inmate asserts a right to parole premised upon substantive due process, as here, the claim involves a purported liberty interest." *Bell v. Anderson*, 301 F. App'x 459, 461 (6th Cir.

---

[1] The Court may apply the Rules Governing Section 2254 Cases to a petition that was not filed under § 2254. *See* Rule 1(b).

2008) (citing *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991)).

The Supreme Court stated in *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1 (1979), that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Id*. at 7. "The Supreme Court has made it clear that a mere unilateral hope or expectation of release on parole is not enough to constitute a protected liberty interest; the prisoner 'must, instead, have a legitimate claim of *entitlement* to it.'" *Inmates of Orient Corr. Inst.*, 929 F.2d at 235 (quoting *Greenholtz*, 442 U.S. at 7) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)) (emphasis added in *Inmates of Orient Corr. Inst.*).

A claim of entitlement to parole "can be created only by the operation of state law." *Crump*, 657 F.3d at 397 (citing *Inmates of Orient Corr. Inst.*, 929 F.2d at 235). The question then is whether under state law "Petitioner had 'a legitimate claim of entitlement to' parole, rather than 'an abstract need or desire for it.'" *Crump*, 657 F.3d at 399 (quoting *Greenholtz*, 442 U.S. at 7) (quoting *Roth*, 408 U.S. at 577). "[T]he salient factor is whether the statute contains mandatory language that creates a presumption of release when the designated findings are made." *Crump*, 657 F.3d at 399 (citing *Board of Pardons v. Allen*, 482 U.S. 369, 377 (1987) (quoting *Greenholtz*, 442 U.S. at 12)).

Michigan's parole statute states that "a prisoner's release on parole is discretionary with the parole board." Mich. Comp. Laws § 791.234(11).

> A fair reading of Michigan's parole system reveals that it extends the possibility—even to the extent of being probable—that parole status will be awarded. "That the state holds out the possibility of parole provides no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11, 99 S.Ct. 2100 (citing *Roth*, 408 U.S. at 577, 92 S.Ct. 2701).

*Crump*, 657 F.3d at 405.

In short, "Michigan's parole system creates 'no "legitimate claim of entitlement to" parole, and thus no liberty interest in parole.'" *Wershe*, 763 F.3d at 506 (quoting *Crump*, 657 F.3d at 404) (quoting *Greenholtz*, 442 U.S. at 7). Thus, "even if the Parole Board relied on inaccurate information to deny [Petitioner] parole, it did not violate any liberty interest protected by the United States Constitution." *Caldwell v. McNutt*, 158 F. App'x 739, 741 (6th Cir. 2006). "Absent a protected interest, a prisoner may seek to enforce statutes or regulations that govern the parole process as a matter of state law, but 'procedural statutes and regulations governing parole do not [alone] create federal procedural due process rights.'" *Wershe*, 763 F.3d at 506 (quoting *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994)).

> Although substantive due process protects inmates from arbitrary denials of parole based on impermissible criteria such as race, political beliefs or frivolous factors, such as eye color, even where a prisoner may not have a protected liberty interest, *see Block v. Potter*,

> 631 F.2d 233, 236 n. 2 (3d Cir. 1980), [Petitioner] does not present any such allegations here. Consequently, [he] has failed to assert a constitutional claim cognizable in a federal habeas proceeding.

*Mayrides v. Chaudhry*, 43 F. App'x 743, 746 (6th Cir. 2002).

To conclude, Petitioner has failed to establish that the Michigan Parole Board violated a protected liberty interest, and "where there is no life, liberty, or property interest, there is no due process protection." *Sova v. Holder*, 451 F. App'x 543, 547 (6th Cir. 2011) (citing *Patel v. Gonzales*, 470 F.3d 216, 220 (6th Cir. 2006)). Petitioner also has failed to show that the Parole Board's recent decision denying him parole was arbitrary and capricious or retaliation for his prior challenge to the revocation of parole.

Accordingly,

**IT IS ORDERED** that the habeas petition (ECF No. 1) is summarily **DISMISSED**; and

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); and

**IT IS FURTHER ORDERED** that Petitioner may not proceed *in forma pauperis* on appeal because an appeal could not be taken in good faith. 28 U.S.C.

§ 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

                                      s/ Linda V. Parker  
                                      LINDA V. PARKER  
                                      U.S. DISTRICT JUDGE

Dated: May 22, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 22, 2018, by electronic and/or U.S. First Class mail.

                                      s/ R. Loury  
                                      Case Manager