UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LaPINE,

    Petitioner,

v.

    Civil Case No. 18-10516
    Honorable Linda V. Parker

MICHIGAN PAROLE BOARD
and WARDEN OF [THE] ST. LOUIS
[CORRECTIONAL FACILITY],

    Respondent.
_____/

# OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (ECF NO. 7)

This matter is before the Court on Petitioner's Motion for Reconsideration, filed June 20, 2018. (ECF No. 7.). Petitioner challenged the Michigan Parole Board's decision to deny him release on parole. In an Opinion and Order dated May 22, 2018, this Court dismissed Petitioner's habeas petition because Petitioner had no legitimate claim of entitlement to parole under state or federal law. (*See* ECF No. 5.) Local Rule 7.1(a) provides that "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." The judgment was entered on May 22, 2018. Petitioner's motion was filed more than 14 days after the judgment was entered and is, therefore, untimely.

Assuming Petitioner's motion was timely, he has not shown any palpable defect in the Court's May 22, 2018 Opinion and Order. Local Rule 7.1 provides the following standard for motions for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010).

"[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). "A motion for reconsideration 'addresses only factual and legal matters that the court may have overlooked. . . .' It is improper on a motion for reconsideration to 'ask the court to rethink what [it] had already thought through—rightly or wrongly.'" *Carter v. Robinson*, 211 F.R.D. 549, 550

(E.D. Mich. 2003) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va 1983).  Therefore, a motion that merely presents the same issues already ruled upon by the Court shall not be granted.  *See Smith ex rel. Smith*, 298 F. Supp. 2d at 637.

In short, Petitioner fails to demonstrate neither a palpable defect in this Court's May 22, 2018 decision, nor a  efect, the correction of which results in a different disposition of Petitioner's claims.  Petitioner's motion merely restates the arguments he made in his habeas petition, which this Court has dismissed.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Reconsideration (ECF No. 7) is **DENIED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: July 23, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 23, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager